Hand-Delivered

FILED
CHARLOTTE, NC

JUL 24 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:26-cv-0031

LEE S. JOHNSON, *pro se*
Plaintiff,

Vs.

EXPERIAN INFORMATION
SOLUTIONS, INC.,
AMERICAN EXPRESS COMPANY
(AMEX)
THE CBE GROUP, INC.
CAPITAL ONE BANK, N.A. *et.al.,*
d/b/a CAPITAL ONE, NATIONAL
ASSOCIATION

Defendants,

**MOTION TO AMEND COMPLAINT
JURY TRAIL DEMANDED**

## AMENDED COMPLAINT

**COMES NOW**, Plaintiff Lee S. Johnson *pro se* amended complaint sues Defendants Experian Information Solutions, Inc (herein Experian), American Express Company (herein American Express), The CBE Group, Inc., (herein CBE Group), Capital One Bank, N.A. (herein Capital One), in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C.§ 1681 *et seq.* (herein FCRA). Violations of the Fair Debt Collection Practice Act 15 U.S.C.§ 1692, *et seq* ("FDCPA").

## PRELIMINARY STATEMENT

1. This lawsuit is for actual damage, emotional and mental stress, punitive damage, willful negligence and attorney fees if one is hired.

2. Experian create consumer reports that use reasonable procedures to ensure the most accuracy information that is reported on a consumer's report.

3. Plaintiff disputes information through Experian disputes are transmitted to a party

furnishing the information. The FCRA demands that each party conduct a reasonable investigation of Plaintiff's disputes and correct or delete information that is unverified or inaccurate.

4. The jurisdiction for this Court is conferred by 15 U.S.C. §1681p and 28 U.S.C.§ 1331

5. Venue is proper in this Court pursuant to 28 U.S.C.§1391(b)(1).

6. Plaintiff is a resident in this District and the Defendant's transact business in this District.

7. Plaintiff is a citizen and resides in Mecklenburg County, North Carolina.

8. Plaintiff is a consumer defined by 15 U.S.C.§ 1681a(c).

9. Experian is a corporation located in the State of California and is authorized to do business in the State of North Carolina.

10. Experian is a consumer reporting agency as defined by 15 U.S.C.§1681(f).

11. Experian is engaged in the business of assembling, evaluating, and disbursing information as defined by 15 U.S.C. § 1681(d) to third parties.

12. Experian submits consumers reports to third parties for compensation.

13. Capital One Bank is a corporation headquarters located in the State of Virgina which conducts business in the State of North Carolina.

14. Capital One Bank is a "Furnisher of Information" defined by 15 U.S.C.§ 1681s-2.

15. The alleged debts in the subject matter in this Complaint "consumer debt" as defined by U.S.C.§ 1692(a)(5).

16. American Express headquarters is in the State of New York and conducts business in the State of North Carolina.

17. American Express is a "Furnisher of Information" defined by 15 U.S.C. 1681s-2.

18. The alleged debt in this subject matter in this Complaint "consumer debt" as defined by U.S.C.§1692(a)(5).

2

19. The CBE Group is a debt collector with its headquarters located in Cedar Falls, Iowa and is to believe that there are licensed debt collectors in the State of North Carolina to conduct business.

20. The CBE Group is a debt collector defined as by 15 U.S.C.§1692a (6).

21. The alleged debt in this Complaint "consumer debt" as defined by U.S.C.§ 1692(a)(5).

## FACTUAL ALLEGATIONS

22. Plaintiff has never had an account with American Express.

23. Plaintiff has never had an account with Capital One.

24. Plaintiff has never had an account with Charter Communications.

25. On or around June 2024 American Express reported an account on Plaintiff' credit report with Experian. (Account No. 349993090325).

26. On or around July 2024 Plaintiff contacted American Express about the account and reported the account as a fraudulent account.

27. On or around July 2024 until present Plaintiff disputed the American Express account number 349993090325 as a fraudulent account over the phone and sent in disputes letters, FTC reports to American Express and Experian.

28. Experian deleted the American Express account 349993090335 from Plaintiff's credit report and reinserted back onto Plaintiff's credit report three times.

29. On or around January 2025 Plaintiff contacted Capital One about two accounts that were open in Plaintiffs name. Account No. 517805XXXXXX and Account No.552869XXXXXX.

30. Plaintiff sent dispute letters to Capital One about the accounts as fraudulent accounts.

31. Plaintiff contacted Experian about the Capital One accounts and disputed the accounts as fraudulent accounts. Experian received letters of disputes about the accounts that were reporting on Plaintiff's credit report. (Account No. 51780XXXXX and Account No. 552869XXXXX).

3

32. Experian deleted both Capital One accounts from Plaintiff's credit report three times and reinserted the accounts back on Plaintiffs credit report. (Account No. 51780XXXXXX and Account No. 552869XXXXX).

33. Capital One failed to correct Plaintiff's credit report after giving information that the accounts being reported as an error.

34. American Express failed to correct Plaintiff's credit report after giving information that the accounts being reported were fraudulent.

35. Experian deleted both Capital One accounts three times and reinserted the accounts back on Plaintiff's credit report. (Account No. 51780XXXXXX and Account No. 552869XXXXX).

36. Plaintiff disputed account: Citi cards/ CBNA No. 542418XXXXX, Sharon View Acct No. 19XXX, Sharon View Acct No. 19XXX, Regional Finance Account No. 202000XXXXXX. Experian deleted each account three times and reinserted the accounts back on Plaintiff's credit report.

37. Plaintiff disputed with Experian that the Car Max account is a business account and it should not be reporting on Plaintiff's credit report. (Account No.572819XX).

38. Plaintiff contacted Experian and disputed the account over the phone and sent in dispute letters about the Car Max account No. 572819XXX which belongs to a business.

39. Experian kept the Car Max account on Plaintiff's credit report despite being notified numerous times that this account is a business account and should not be reported on Plaintiff's credit report.

40. On or around March of 2026, Plaintiff became aware of a collection account that was reporting on Plaintiff's Equifax credit report that lists The CBE Group as the debt collector and Charter Communications is the company claiming that Plaintiff owes $404.00 dollars.

41. The CBE Group violated 15 U.S.C.§1692e provides a generally, that a debt collector may not using any false, deceptive, or misleading representation or means in connection with collection of any debt.

42. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed

4

at all by the Plaintiff, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C.§1692e.

43. An allegation by a debt collector that Plaintiff owes a debt, when the debt is not owed is not owed at all by the Plaintiff, is a deceptive representation made in connection with the collection of any debt, violation of 15 U.S.C.§1692e.

44. An allegation by a debt collector that Plaintiff owes a debt, when the debt is not owed at all by the Plaintiff, is a misleading representation made in connection with any debt, in violation of 15 U.S.C.§1692e.

45. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of character, amount, or legal

46. An allegation by a debt collector that Plaintiff owes a debt, when a debt is not owed by the Plaintiff, is a false representation of character of the debt violation of 15 U.S.C. 1692e(2)(A).

47. An allegation by a debt collector that Plaintiff owes a debt, when the debt is not owed at all by the Plaintiff, is a false representation made in attempt to collect the debt in violation of 15 U.S.C.§1692e (10).

48. Plaintiff did not owe any money to Charter Communications in the amount of $404.00.

49. Plaintiff did not have any account with Charter Communications.

CAUSE OF ACTION
COUNT I
Violation of the FCRA- As to Defendant,
EXPERIAN INFORMATION SOLUTIONS, INC.

50. Plaintiff re-alleges paragraphs 1 through 49 as fully set herein.

51. Experian violated 15 U.S.C § 1681(b) by failing to follow reasonable procedures and accuracy on Plaintiff's credit report.

52. Experian violated 15 U.S.C§ 1681i by failing to delete inaccurate information on Plaintiff's credit report after receiving information of the inaccuracies: failing to conduct a

5

reasonable investigation: failing to maintain reasonable procedures to verify disputed accounts on Plaintiff's credit report: relying on verification from other sources that was unreliable.

53. Experian violated 15 U.S.C.§1681i(5)(B) by deleted accounts off Plaintiff's credit report and not notifying Plaintiff within five days that the accounts would be added back to Plaintiff's credit report.

54. As a result of Experian inaccurate reporting disputed accounts and deleted and reinserted accounts on Plaintiff's credit report. Plaintiff have suffered emotional and mental stress, loss of of time, mental anguish, unable to apply for credit, increased insurance rates, increase car rates, loss of time.

55. Experian conduct and action are negligent and willful.

56. Plaintiff has filed three lawsuits against Experian, and this will be the fourth.

**WHEREFORE**, Plaintiff is asking for $80, 000,000. 000 in damages and attorney fees if one is hired against Experian Information Services Solutions, Inc., for statutory damage, punitive damage, emotional and mental stress, mental anguish, increasing insurance rates, loss time and willful and negligence and attorney fees if one is hired. Plaintiff demands a Jury Trail.

COUNT II
Violation of the FCRA- as to Defendant,
CAPITAL ONE BANK, N.A.

57. Plaintiff re-alleges paragraphs 1 through 49 as fully set herein.

58. Capital One violated 15 U.S.C. § 1681s-2(b) by failing to investigate Plaintiff's disputes and review disputes letters; by failing to respond and correct internal records.

59. Capital One violated 15 U.S.C § 1681s-2(b) by continuing to report inaccurate information to Experian after being notified by Experian and Plaintiff that the accounts were fraudulent.

6

60. Capital One conduct is negligence and willful and is render liable for punitive damages.

**WHEREFORE,** Plaintiff is asking for $125,000,000 in damages and attorney fees if one is hired against Capital One Bank, N.A., for statutory damage, punitive damage, emotional and mental stress, negligence and willful damage. Plaintiff demands a Jury Trail.

CAUSE OF ACTION
COUNT III
Violation of the FCRA- as to Defendant,
AMERICAN EXPRESS

61. Plaintiff re-alleges paragraphs 1 through 49 as fully set herein.

62. American Express violated 15 U.S.C.§ 1681s-2(b) by failing to investigate Plaintiff's disputes and review disputes letters; by failing to respond and correct internal records.

63. American Express violated 15 U.S.C. §1681s-2(b) by continuing to report inaccurate information to Experian after being notified by Experian and Plaintiff that the accounts were fraudulent.

64. American Express conduct is negligence and willful and is render liable for punitive damages.

**WHEREORE,** Plaintiff is asking for $125,000.000 in damages and attorney fees if one is hired against American Express, for statutory damage, punitive damage, emotional and mental stress, negligence and willful damage. Plaintiff demands a Jury Trail.

CAUSE OF ACTION
COUNT IV
Violation of FDCPA as to Defendant,
THE CBE GROUP, INC.

65. Plaintiff re-alleges paragraphs 1 through 49 as fully set herein.

7

66. Any allegation by a debt collector that Plaintiff owes a dept, when the debt is not owed at all by Plaintiff, is deceptive representation made in connection with the collection of any debt 15 U.S.C.§1692e.

67. 15 U.S.C.§1692e(2)(A) prohibits the false representation of the amount of any legal debt.

68. The CBE Group has no contract or statements that attaches Plaintiff to this alleged debt.

69. The CBE Group allegation that Plaintiff owes $404.00, when Plaintiff did not owe any money to Charter Communications whose behalf The CBE Group, which is seeking to collect, is false representation.

70. Plaintiff never received any correspondence from defendants and Charter Communications.

**WHEREFORE,** Plaintiff is asking $75,000.00 for damages and attorney fees if one is hired against The CBE Group, for statutory damages, punitive damages and emotional and mental stress. Plaintiffs demand a Jury Trail.

## CONCLUSION

Plaintiff asks the Court to allow the Motion for Amended Complaint.

Respectfully submitted 25th of July 2026.

Lee S. Johnson
1638 Marble Hill Dr.
Charlotte, NC 28262
LeeJohnson480@yahoo.com

8